IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JORGE VAZQUEZ-RIVERA, #16177-069**                        **PETITIONER**

**VS.**                                          **CIVIL ACTION NO. 5:08-cv-200-DCB-MTP**

**UNITED STATES OF AMERICA**                              **RESPONDENT**

## MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Vazquez-Rivera, an inmate at the Federal Correctional Institute-Yazoo City, Mississippi, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Upon review of the Petition and Memorandum in Support filed by Petitioner, this Court has reached the following conclusion.

### Background

On May 31, 2002, Petitioner was convicted of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, in the United States District Court for the District of Puerto Rico. Petitioner was sentenced to serve 210 months in prison. On May 18, 2005, the United States Court of Appeals for the First Circuit affirmed Petitioner's conviction and vacated his sentence. *United States v. Vazquez-Rivera*, 407 F.3d 476 (1st Cir.2005). Petitioner's case was remanded for re-sentencing in accordance with *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). On remand, the district court again imposed a sentence of 210 months incarceration. On December 12, 2006, the First Circuit affirmed Petitioner's current sentence. *United States v. Vazquez-Rivera*, 470 F.3d 443 (1st Cir.2006).

Petitioner argues that his 210 month sentence includes a two-level enhancement for possession of a firearm, thereby rendering his sentence invalid under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).[1]  Specifically, Petitioner argues that it was not proven that he possessed a firearm or had any knowledge of a dangerous weapon.  Petitioner requests that his conviction and sentence be vacated and remanded for re-sentencing without the enhancement for possession of a dangerous weapon.

## Analysis

A Petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.  *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992);  *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000)(section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration).  By contrast, a motion filed pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack,* 218 F.3d at 451 (*quoting Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).  In *Pack*, the Fifth Circuit found that "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack*, 218 F.3d at 452.  Clearly, Petitioner has filed the instant § 2241 petition challenging alleged errors that occurred during his federal sentencing by the District of Puerto Rico, which is not properly

---

[1]The *Booker* case extended the holding of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), to invalidate the mandatory nature of the federal sentencing guidelines. *Booker*, 543 U.S. at 243-44. In *Blakely,* the United States Supreme Court held that an enhanced sentence imposed by a judge under a state sentencing reform act which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution. *Blakely*, 542 U.S. at 305.

pursued in a § 2241 petition. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997)("section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing.").

There is, however, a savings clause in § 2255 which acts as a limited exception to this general rule.  The relevant portion of  § 2255, with its savings clause provides, as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).  Pursuant to this "savings clause," a federal court may consider a § 2241 petition that challenges a federally imposed sentence when the petitioner establishes that the remedy under § 2255 is inadequate or ineffective.  *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

As stated above, Petitioner argues that the United States Supreme Court's holding in *U.S. v. Booker*, 543 U.S. 220 (2005), affords him relief from his federal sentence imposed by the United States District Court for the District of Puerto Rico.  The Fifth Circuit has specifically held that *Booker* is not retroactively applicable on collateral review and it does not satisfy the test for filing a § 2241 petition under the savings clause of 28 U.S.C. § 2255.  *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005).  Since Petitioner is challenging the validity of his sentence in the instant petition and since he fails to satisfy the requirements of the savings clause, this Court is without jurisdiction to consider the claims brought in this § 2241 petition.  Because the Court has found that it lacks jurisdiction to consider this petition, it will not address the merits of this case.

## Conclusion

For the reasons discussed in this Memorandum Opinion, the Court finds that it is without jurisdiction to consider this § 2241 petition. Accordingly, this case is dismissed with prejudice as to the jurisdictional issue only, and without prejudice regarding all other issues. *See Pack v. Yusuff*, 218 F.3d 448, 454-455 (5th Cir. 2000).

SO ORDERED, this the ___4th___ day of August, 2008.

                    s/ David Bramlette
              UNITED STATES DISTRICT JUDGE